[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12922

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

PATRICK CONNOLLY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:09-cr-00047-MSS-DCI-1

_____

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Patrick Connolly, proceeding *pro se*, appeals the district court's grant of the government's motion to authorize a payment of the funds in Connolly's Bureau of Prisons ("BOP") trust account towards his outstanding criminal restitution judgment. Connolly argues that because the district court imposed a payment schedule that began upon his release from prison, the district court did not have the authority to authorize a payment of funds from his BOP trust account while he was still incarcerated. Further, Connolly argues that the funds did not qualify as "substantial resources" for purposes of 18 U.S.C. § 3664(n).

We review the district court's order directing the BOP to remit funds from an inmate's trust account for abuse of discretion. *See United States v. White*, 663 F.3d 1207, 1215 (11th Cir. 2011). For context, an inmate trust account allows the BOP to maintain an inmate's money while he is incarcerated, including money received from family, friends, and prison employment. *See* 28 C.F.R. §§ 506.1, 545.11.

The relevant statutory scheme for the issuance and enforcement of restitution orders is contained in 18 U.S.C. §§ 3572, 3613, and 3664. The district court, not the government, is charged with determining how a defendant is to pay restitution. *See* 18 U.S.C. § 3664(f)(2) ("Upon determination of the amount of restitution owed

to each victim, the court shall . . . specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid . . . ."). A person who owes restitution must pay immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments. *Id.* § 3572(d)(1). A defendant must notify the court "of any material change" in his economic circumstances that might affect his ability to pay, and upon notice, the court may, on its own motion or motion of any party, adjust the payment schedule, "or require immediate payment in full, as the interests of justice require." *Id.* § 3572(d)(3).

Sections 3613 and 3664 allow the government to enforce an order of restitution as if it were a lien or civil judgment. *See id.* § 3613(a), (c), (f); *id.* § 3664(m). Thus, the enforcement can be against all the defendant's property or rights to property except property exempt from levy for payment of federal income taxes, which includes (1) wearing apparel and school books, (2) fuel, provisions, furniture, and personal effects; (3) books and tools of a trade; (4) unemployment benefits; (5) undelivered mail; (6) certain annuity and pension payments; (7) workmen's compensation; (8) judgments for support of minor children; (9) certain service-connected disability payments; and (10) assistance under the Job Training Partnership Act. 18 U.S.C. § 3613(a)(1); 26 U.S.C. § 6334(a)(1)-(8), (10), (12). And the government may enforce an order of restitution by "all other available and reasonable means." 18 U.S.C. § 3664(m)(1)(A). Section 3664 further states that, upon notice of a material change in the defendant's economic circumstances, the

court may, on its own motion, or the motion of any party, adjust the payment schedule, or require immediate payment in full, "as the interests of justice require." 18 U.S.C. § 3664(k). Finally,

> [i]f a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

*Id.* § 3664(n).

Here, the district court did not err in granting the government's motion. The statutory scheme supports the district court's order granting the government's motion to authorize the payment from Connolly's trust account to pay his outstanding criminal judgment balance. *See* 18 U.S.C. § 3664(n). Under the MVRA and § 3664, the government is responsible for collecting restitution for victims, and a defendant who receives substantial resources from any source while incarcerated is required to apply its value to restitution still owed. 18 U.S.C. §§ 3612(c), 3664(m)(1)(A), (n). Because the funds in Connolly's trust account came from his wife, which constitutes "any source," the district court had authority to grant the government's motion to seize the funds from Connolly's account. *See* 18 U.S.C. § 3613(a), (f); 18 U.S.C. § 3664(n). Additionally, the restitution order constituted a lien against all of Connolly's property and rights to property, and that lien attached to the funds in Connolly's BOP trust account. *See id.* § 3613(a), (c), (f); *id.* § 3664(m). And, because the property is cash, it does not fall within

22-12922              Opinion of the Court                      5

the exemptions in § 3613(a)(1).  *See id.* § 3613(a)(1) (12); 26 U.S.C. § 6334(a)(1)-(8), (10).  While the schedule of payments does note that Connolly's required monthly payments will begin upon his release from custody, the language of § 3664 does not preclude the court from altering the payment schedule or requiring another form of payment upon a defendant's receipt of more resources. § 3664(k), (n).  Further, the court's grant of the government's motion to authorize the payment from Connolly's account effectively modified the payment plan by requiring a payment before the start of the original plan, as it was permitted to do under § 3664(k) and § 3572(d)(3).

AFFIRMED.